IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| CALEB WILLIAMS,         ) | |
|     Plaintiff,         ) | |
| ) | |
| v.         ) | Civil Action No. 3:24CV284 (RCY) |
| ) | |
| UNITED STATES OF AMERICA,         ) | |
|     Defendant.         ) | |
| ) | |

**MEMORANDUM OPINION**

*Pro se* Plaintiff Caleb Williams filed this action against the United States of America ("United States" or "Defendant") alleging a "discriminatory pattern and practice of negligence" under the Federal Tort Claims Act (FTCA). The case is presently before the Court on Defendant's Motion to Dismiss. Mot. Dismiss, ECF No. 9. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons set forth below, the Court finds that it lacks jurisdiction based on the foreign country exception to the FTCA. As such, the Court must dismiss Plaintiff's Amended Complaint.

**I. PROCEDURAL HISTORY**

On April 18, 2024, Plaintiff, appearing *pro se*, submitted an application to proceed *in forma pauperis* ("IFP Application"),[1] which included his proposed Complaint. IFP Appl., ECF No. 1; Proposed Compl., ECF No. 1-1. This Court issued an Order to Show Cause on April 24, 2024, directing Plaintiff to resolve defects in his Complaint. Order, ECF No. 2. Plaintiff filed his Amended Complaint on May 10, 2024, Am. Compl., ECF No. 4, which the Court authorized for

---

[1] When a party proceeds in district court without prepaying fees or costs, it is said that the party is proceeding *in forma pauperis*. As such, the Court will refer to Plaintiff's fee waiver application as an "IFP Application."

service upon Defendant. On August 5, 2024, Defendant filed its Motion to Dismiss and Memorandum in Support thereof. Mot. Dismiss, ECF No. 9; Mem. Supp., ECF No. 10. Plaintiff filed his Response in Opposition on August 23, 2024, Resp., ECF No. 11, and Defendant filed its Reply on August 28, 2024, Reply, ECF No. 12.[2]

## II. FACTUAL ALLEGATIONS

Although no specific dates appear in the Amended Complaint, Plaintiff generally alleges that he suffered harm in Haiti, Mexico, and Belize, and that the United States Government negligently failed to prevent and investigate these harms. Am. Compl. 1–2. Specifically, Plaintiff asserts that he "ended up in Belize because [of] what was happening in Bacalar, Mexico. [He] ended up in Mexico because of what happened in Haiti. [And] Belize would've never happened had the persecution in Bacalar Mexico . . . not been ignored altogether . . . ." *Id.* at 2.

Plaintiff alleges that while he was in Haiti, he was "hospitalized, brutalized, [and] traumatized" by Haitian immigration officials. *Id.* at 3. In Mexico, Plaintiff allegedly suffered "maltreatment and discrimination" and, at some point, he was imprisoned. *Id.* at 1–2. It appears that several of Plaintiff's horses were killed around November 2022 in connection with his time in Mexico, although the connection is not clear. *See id.* at 1–3.

Lastly, Plaintiff alleges that while he was in Belize, he was imprisoned at the Belize Central Prison and "[s]ignificant human rights issues" were present there. *Id.* at 4. However, Plaintiff's

---

[2] Plaintiff then filed a Reply Memorandum in Support of Plaintiff's Opposition to Motion to Dismiss ("Plaintiff's Sur-Reply"), ECF No. 13. The Local Rules prohibit the filing of sur-replies without leave of court. E.D. Va. Loc. Civ. R. 7(F)(1) ("No further briefs or written communications may be filed without first obtaining leave of Court."). "Sur-replies . . . are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on the matter." *Trs. of Columbia Univ. v. Symantec Corp.*, 2019 WL 13189619, at *2 (E.D. Va. Oct. 10, 2019). "Generally, courts allow a party to file a sur-reply only when fairness dictates based on new arguments raised in the previous reply." *Dillard v. Kolongo*, 2017 WL 2312988, at *6 (E.D. Va. May 25, 2017). Although this Court recognizes Plaintiff's *pro se* status, Plaintiff is nevertheless obligated to abide by the Local Rules. In any event, Defendant's Reply to Plaintiff's Response to the Motion to Dismiss introduced no new arguments or new material for which a sur-reply would be warranted. Accordingly, this Court will not consider Plaintiff's Sur-Reply.

Amended Complaint does not include specific allegations regarding his personal experience in the Belizean prison.[3] Mr. Williams traces the harm he suffered in Belize back to the United States's inaction in Mexico, stating, "Belize would've never happened had the persecution in Bacalar Mexico . . . not been ignored altogether . . . ." *Id.* at 2.

Throughout Plaintiff's Amended Complaint, he alleges that he repeatedly contacted the Department of State, Department of Justice, and other federal, state, and city officials and representatives regarding the aforementioned incidents, with little to no relief. *Id.* at 4–6. Plaintiff also alleges that the U.S. embassy in Belize ignored his reports of abuse. *Id.* at 6.

### III. STANDARD OF REVIEW[4]

"The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (alteration in original) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

---

[3] The Court notes that Plaintiff alleged in his original Complaint that while he was in the Belize central prison, "the emotional distress was so severe [he] was sick all [seven] months [he] was there. The [two] times [he] asked for medical attention [he] was punished . . . . The [first] time landed [him] in 'the hole' . . . . The [second] time [he] was tranquilized . . ." *See* Compl. 15, ECF No. 3 (utilizing the page numbers assigned by CM/ECF and not those appearing on Plaintiff's original submission). However, "a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, [and] it renders the original complaint 'of no effect.'" *Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017). Therefore, the Court does not consider the allegations in the original Complaint. That being said, even if the Court were to do so out of deference to Plaintiff's *pro se* status, the Court's ultimate analysis regarding the FTCA's foreign country exception, *infra*, does not change.

[4] Although Defendant characterizes its Motion to Dismiss as predicated on Federal Rules of Civil Procedure 8(a), 12(b)(1), and 12(b)(6), *see* Mot. Dismiss, ECF No. 9, the Memorandum in Support of the Motion only discusses grounds for dismissal under Rules 8(a) and 12(b)(1), *see generally* Mem. Supp. Mot. Dismiss, ECF No. 10. Because the Court determines herein that Defendant's 12(b)(1) arguments prevail and the Court lacks jurisdiction over Plaintiff's claims, it does not engage with the Rule 8(a) arguments in the Motion to Dismiss. As such, it declines to set forth the standard applicable to those arguments, here.

Challenges to jurisdiction fall into one of two categories: a facial attack, or a factual attack. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). In a facial attack, the movant argues that the complaint fails on its face to allege facts on which subject matter jurisdiction can be based. *Id.* In such a case, "the plaintiff, in effect, is afforded the same procedural protection [they] would receive under a Rule 12(b)(6) consideration." *Id.* (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). As such, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.* In a factual attack, on the other hand, the moving party contends "that the jurisdictional allegations of the complaint" are simply "not true." *Id.* (quoting *Adams*, 697 F.2d at 1219). The court may then explore the factual predicate for jurisdiction by way of an evidentiary hearing, so long as the facts underpinning jurisdiction are not "intertwined with the facts central to the merits of the dispute." *Id.* at 192–93 (quoting *Adams*, 697 F.2d at 1219). Here, Defendant raises a facial challenge to jurisdiction, and so the Court assumes the allegations in the Amended Complaint to be true for purposes of its analysis.

If the Court ultimately determines that jurisdiction is lacking and the party asserting jurisdiction "cannot truthfully amend" to cure the jurisdictional defect, dismissal without leave to amend is proper. 5B Charles A. Wright, Arthur R. Miller, & A. Benjamin Spencer, *Federal Practice & Procedure* § 1350 (4th ed. 2024).

## IV.  DISCUSSION

Plaintiff alleges that the United States engaged in a "discriminatory pattern and practice of negligence" under the Federal Tort Claims Act (FTCA). Mr. Williams argues that the United States negligently failed to prevent and investigate the harm that Mr. Williams suffered in Haiti, Mexico, and Belize. More specifically, he alleges that the U.S. government had a responsibility

to "serve and protect its citizens," and it failed to meet that standard when (1) the U.S. State Department "didn't care enough to investigate" the injuries he suffered in Haiti; (2) the U.S. State Department failed to investigate his "persecution" by the Mexican government; and (3) the U.S. embassy in Belize ignored his reports of abuse.  *See* Am. Compl. 1–3, 5.  Defendant argues that, even if the Court accepts Plaintiff's allegations as true, the Court should dismiss the Amended Complaint with prejudice because Plaintiff's claims are barred by the "foreign country exception" to the FTCA, and thus the Court lacks jurisdiction.  Mem. Supp. 2, 4.  Construing Plaintiff's allegations liberally, as it must, *Erickson*, 551 U.S. at 94, and accepting the factual allegations in the Amended Complaint as true, the Court considers whether it has jurisdiction over the claims asserted in the Amended Complaint.  For the reasons set forth below, the Court ultimately finds that it does not.

**A.  Plaintiff Did Exhaust His Administrative Remedies**

As the Court previously noted in its Order to Show Cause, "the FTCA conditions a federal court's jurisdiction on the plaintiff's compliance with 28 U.S.C. § 2675(a), which mandates that such a suit may not be instituted until a plaintiff files an administrative claim with the appropriate federal agency and the claim is finally denied by that agency."  Order 2, ECF No. 2 (citing 28 U.S.C. §§ 2401(b), 2675(a); *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986)).  Specifically, § 2765(a) provides:

> An action shall not be instituted upon a claim against the United States for money damages . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

5

28 U.S.C. § 2675(a). Plaintiff's original Complaint failed to demonstrate that Plaintiff had exhausted available administrative remedies, and this deficiency was one of the grounds for the Court's issuance of its Order to Show Cause. *See* Order 2–3.

Now, however, Plaintiff's Amended Complaint and accompanying attachments ostensibly show that Plaintiff did endeavor to file administrative claims with the various agencies he believes failed him. *See* Am. Compl. 2 ("I've contacted countless Federal Agencies, Officials & Representatives about negligence . . . , only to receive more negligence."); *see also* Am. Compl. Ex. 1 (appearing to show various "Administrative Claims" and complaints plaintiff e-mailed to various government agencies). And, the Amended Complaint further demonstrates that Plaintiff received a final disposition in response to at least some of this outreach. Am. Compl. 5 (quoting the response Plaintiff received from the Department of Justice ("DOJ") determining that DOJ did "not have the authority to intervene"). Accepting Plaintiff's representations and Exhibit 1 at face value, the Court concludes that Plaintiff has satisfied the administrative exhaustion requirement of 28 U.S.C. § 2675(a) and thus has cured that previously noted jurisdictional deficiency.[5]

**B. The Court Lacks Jurisdiction Over Plaintiff's Claims Because They Occurred Outside the Territorial United States**

Even assuming *arguendo* that Plaintiff has sufficiently articulated an actionable tort by a governmental agency or employee, this Court does not have subject matter jurisdiction over Plaintiff's asserted claims under the FTCA because Plaintiff's injuries occurred in foreign countries, triggering the FTCA's foreign country exception. *See Doe v. Meron*, 929 F.3d 153, 167 (4th Cir. 2019); *Ameur v. Gates*, 950 F. Supp. 2d 905, 918–19 (E.D. Va. 2013).

---

[5] Defendant does not contend that Plaintiff failed to exhaust his administrative remedies. Mem. Supp. 7 n.2. Nevertheless, given that it flagged the deficiency in Plaintiff's original Complaint, the Court felt it necessary to address the administrative exhaustion requirement again in the present Memorandum Opinion.

6

In the United States, the federal government has sovereign immunity and may not be sued unless it waives its immunity or consents to a suit. *Welch v. United States,* 409 F.3d 646, 650 (4th Cir. 2005) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The FTCA provides a limited waiver of the Unites States' sovereign immunity, whereby private citizens may bring claims against the federal government for the torts of its employees and/or agencies. 28 U.S.C. §§ 1346(b)(1), 2671–80; *Williams v. United States*, 50 F.3d 299, 306 (4th Cir. 1995). Given that this is a *limited* waiver, however, the FTCA does not support *every* tort claim brought against the United States. *Williams*, 50 F.3d at 306. If "the United States has not waived its sovereign immunity," then "the case should be dismissed for want of jurisdiction under 12(b)(1)." *Williams*, 50 F.3d at 304 (applying the FTCA's discretionary function exception).

One exception to the limited waiver of immunity in the FTCA is the foreign country exception, where "any claims arising in a foreign county" fall outside the scope of the FTCA. 28 U.S.C. § 2680(k); *see Ameur*, 950 F. Supp. 2d at 918–19. "[T]he FTCA's foreign country exception bars all claims based on any injury suffered in a foreign country, regardless of where the tortious act or omission occurred." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 712 (2004). Meaning, the United States has not waived its sovereign immunity when the harm occurs in a foreign country, even if the negligent act itself was performed in the United States. The definition of "foreign country," for purposes of the FTCA, is expansive. *See United States v. Spelar*, 338 U.S. 217, 222 (1949) ("[L]egislation of Congress, unless a contrary intent appears, is meant to apply only within the territorial jurisdiction of the United States."). For instance, "[c]ourts have routinely held that conduct which occurs on an American military base in a foreign country . . . falls within [the FTCA's foreign country] exception." *Meron*, 929 F.3d at 167. American embassies, sovereignless lands, and territories over which the United States exercises significant

7

control likewise fall within the exception. *See Smith v. United States*, 507 U.S. 197, 201–04 (1993) (Antarctica); *Burna v. United States*, 240 F.2d 720, 722–23 (4th Cir. 1957) (holding post-WWII Okinawa was a foreign country, though substantially controlled by the United States); *Galvin v. United States*, 859 F.3d 71, 73–74 (D.C. Cir. 2017) (discussing American embassies); *Meredith v. United States*, 330 F.2d 9, 10–11 (9th Cir. 1964) (same). Therefore, a plaintiff may only seek relief under the FTCA if the plaintiff's injury occurred in the territorial United States, and not in a foreign country.

Plaintiff, in his Amended Complaint, preemptively argues that his "case should not be dismissed because of the FTCA Exception involving foreign countries" because his "Complaint isn't simply about difficulties, living abroad, or incarceration. This is about a Discriminatory Pattern and Practice of Negligence." Am. Compl. 7. Plaintiff provides no further elaboration or support for why this Court should decline to find that the foreign country exception applies, however.[6]

The Court agrees with Defendant and finds that the FTCA's foreign country exception clearly applies here. *See* Mem. Supp. 4. Even considering the Amended Complaint in the light most favorable to Plaintiff, the Amended Complaint only contains allegations that Plaintiff was harmed while he was in foreign countries, namely Haiti, Mexico, and Belize. *See generally* Am. Compl. Haiti, Mexico, and Belize are sovereign countries and easily meet the definition of "foreign countries" for purposes of the FTCA. Therefore, the foreign country exception applies,

---

[6] Unfortunately, Plaintiff's fifty-five-page Response to the Motion to Dismiss also fails to shed light on why the foreign country exception does not apply. Plaintiff references a number of federal statutes, including, *inter alia*, deprivation of rights under color of law; however, Plaintiff's purpose for introducing said statutes is not clear. Resp. 34–41. To the extent Plaintiff is attempting to further amend his Complaint and introduce new claims predicated on these statutes, Plaintiff cannot do so via briefing. *Hurst v. District of Columbia*, 681 F. App'x 186, 194 (4th Cir. 2017); *see also Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

and Plaintiff's claims of negligence fall outside of the United States' limited waiver of sovereign immunity with respect to the FTCA.

## V. CONCLUSION

For the foregoing reasons, the Court finds that it lacks jurisdiction over the controversy as alleged in the Complaint. So lacking in jurisdiction, the Court will grant the United States' Motion to Dismiss with respect to Rule 12(b)(1). And because the Court has already given Plaintiff one opportunity to re-plead his claims, and he has again been unable to state a viable claim over which this Court may exercise jurisdiction, the Court finds that amendment would be futile and thus it will dismiss the Amended Complaint with prejudice.

An appropriate Order will accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date: January 28, 2025
Richmond, Virginia